UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| QUINN NGIENDO, | Case No. 24-cv-2454 (JRT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE USA, | |
| Defendant. | |

This matter is before the Court on Plaintiff Quinn Ngiendo's Motion for Leave to Amend Complaint and Drop YMCA of the North as a Party (Dkt. No. 30) and Motion to Amend Pleadings (Dkt. No. 32). Given the overlapping nature of these motions, the Court will address them together. The Court denies both of Plaintiff's motions as futile as they relate to amending the complaint and as moot as they relate to dropping Young Men Christian Association of the North as a party.

**I.   Relevant Background and Proposed Amendments**

These motions arise from a dispute between Ms. Quinn Ngiendo, Young Men Christian Association of the North ("YMCA-N"), and Young Men's Christian Association of the USA ("YMCA-USA"). On October 2, 2024, Ms. Ngiendo filed her First Amended Complaint against YMCA-N and YMCA-USA. (Dkt. No. 10.) This pleading alleged eight claims against the Defendants: false advertisement, nuisance, racial discrimination, retaliation, intentional infliction of emotional distress, due process violations, equal protection violations, and breach of implied contract. (First Am. Compl. 29–34.) Pursuant

1

to a stipulation between the parties, YMCA-N was dismissed from the case on December 19, 2024. (Dkt. Nos. 21, 28.) On January 3, 2025, Ms. Ngiendo filed the motions now under advisement: a Motion for Leave to Amend Complaint and Drop YMCA of the North as a Party and a Motion to Amend Pleadings. (Dkt. Nos. 30, 32.)

The Proposed Amended Complaint alleges nine claims against YMCA-USA: unjust enrichment, breach of an implied warranty, breach of contract, intentional infliction of emotional harm, deprivation of the right to own property, failure to provide safe premises, false advertisement, invasion of privacy, and aggravated personal injury. (Proposed Am. Compl. at 8–13, Dkt. No. 35.) In relevant part, the Proposed Amended Complaint alleges that Ms. Ngiendo had a membership with YMCA-N. (*Id.* at 1, 4.) She does not allege she had a membership with YMCA-USA. (*See id.*) Ms. Ngiendo alleges YMCA-N employees treated her differently because of her race, including watching her while she exercised. (*Id.* at 6–9.) Additionally, Ms. Ngiendo alleges someone broke into her locker at a YMCA-N gym and stole her belongings. (*Id.* at 6.) She alleges this was the work of YMCA-N employees to both intimidate her into not returning and retaliate against her for reporting racial discrimination at their gyms. (*Id.* at 5–6.) She does not allege, however, that YMCA-USA had either knowledge of or control over the incidents at the YMCA-N facilities. The only connection between these events and YMCA-USA is the allegation that the YMCA-N employee who sold her a membership has the same last name as the president of the YMCA-USA. (*See id.* at 1.)

## II. Legal Standards

To amend pleadings, parties need either consent from the opposing party or permission from the court. Fed. R. Civ. P. 15(a)(2). Courts should be generous in granting permission, but they may deny permission to amend a pleading when the amendment would be futile or the issues in it are moot. *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 781–82 (8th Cir. 2008); *Wilson v. Miller*, 86 F. Supp. 3d 1027, 1036 (D. Minn. 2015), *aff'd*, 821 F.3d 963 (8th Cir. 2016).

### A. Futility

When a proposed amendment would not survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the amendment is futile, and a court may deny permission to amend the pleading. *Cornelia I. Crowell GST Tr.*, 519 F.3d at 782. To determine if a complaint properly states a claim, courts assume all alleged facts are true and make "all reasonable inferences in favor of the nonmoving party." *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014) (quotation omitted). The court must be able to reasonably infer the defendant's liability for the alleged misconduct based solely on the facts alleged in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The alleged facts do not need to establish a complete account of what happened, but they must create the basis for a non-speculative claim for relief. *Twombly*, 550 U.S. at 555. Courts do not consider "labels and conclusions" in the complaint in making this determination. *Id.*; *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (ruling complaint inadequate where it gave "no idea what acts the individual defendants are accused of that could result in liability").

B.  **Mootness**

An issue is moot when the parties no longer have a legally recognized interest in its outcome. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Parties do not have a legally recognized interest in an issue's outcome when "changed circumstances already provide the requested relief and eliminate the need for court action." *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018) (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)).

III. **Discussion**

In reviewing the facts, courts must liberally construe pro se complaints. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). Liberal construction means, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). Still, the complaint must allege specific facts that support a plaintiff's claims. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. This Court will therefore liberally construe Ms. Ngiendo's Proposed Amended Complaint in applying the standards for futility and mootness.

A.  **Ms. Ngiendo's Proposed Amendments to the Complaint are Futile.**

YMCA-USA opposes Ms. Ngiendo's amendments, arguing she has not alleged enough facts to find YMCA-USA liable for directly or indirectly committing the alleged acts against her. (Def.'s Mem. Opp'n Mot. Amend. at 2–5, Dkt. No. 38.) Viewing the allegations in the Proposed Amended Complaint in the light most favorable to Ms.

4

Ngiendo, the Court agrees with YMCA-USA. This Court will address Ms. Ngiendo's claims in turn.

### 1. Unjust Enrichment

Unjust enrichment requires a plaintiff to show the defendant (1) had an implied contract with the plaintiff, (2) knowingly received something of value from the plaintiff, and (3) should, as a result, compensate the plaintiff. *Ventura v. Kyle*, 825 F.3d 876, 887 (8th Cir. 2016) (quoting *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012), *superseded by statute on other grounds as recognized in Hall v. City of Plainview*, 954 N.W.2d 254, 270–71 (Minn. 2021)).

Ms. Ngiendo's Proposed Amended Complaint alleges unjust enrichment on two grounds. (*See* Proposed Am. Compl. at 2–8, 9–10.) First, she asserts YMCA-USA should be liable for the alleged misconduct by YMCA-N employees that prevented her from using the YMCA-N gyms because YMCA-USA controls YMCA-N. (*Id.* at 2–8.) In response, YMCA-USA argues it is a separate legal entity from YMCA-N. (Def.'s Mem. Opp'n Mot. Amend. at 9–11.) Courts in other jurisdictions have agreed with YMCA-USA. *See, e.g.*, *Conley v. Jackson Twp. Trs.*, 376 F. Supp. 2d 776, 785 (N.D. Ohio 2005); *McKannan v. Nat'l Council of YMCA*, No. 3:10-CV-88-RLY-WGH, 2010 WL 4668437, at *5 (S.D. Ind. Nov. 9, 2010).

Ms. Ngiendo relies on a corporate veil piercing theory to support the argument that YMCA-USA should be liable for alleged conduct of YMCA-N employees. (*See* Proposed Am. Compl. at 2.) Courts allow veil piercing when corporations fail to maintain separate identities, and it would be fundamentally unfair, fraudulent, or unjust to not pierce the

5

corporate veil. *A.P.I., Inc. Asbestos Settlement Tr. v. Home Ins. Co.*, 877 F. Supp. 2d 709, 731–32 & n.19 (D. Minn. 2012) (citing *Victoria Elevator Co. of Minneapolis v. Meriden Grain Co.*, 283 N.W.2d 509, 512 (Minn. 1979)); *see United States v. Bestfoods*, 524 U.S. 51, 62–64 (1998) (ruling parent company liable for subsidiary's conduct when subsidiary's corporate veil could be pierced). To examine whether two corporations have kept their identities sufficiently separate, courts look to:

> Insufficient capitalization for purposes of corporate undertaking, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation at time of transaction in question, siphoning of funds by dominant shareholder, nonfunctioning of other officers and directors, absence of corporate records, and existence of corporation as merely facade for individual dealings.

*Victoria Elevator*, 283 N.W.2d at 512. The only facts Ms. Ngiendo offers to support piercing the veil are a shared logo and an employee at YMCA-N sharing a last name with an employee at YMCA-USA. (Proposed Am. Compl. at 1–2.) The assertion that this shared last name means there must be a close relationship "that ties defendant to major business activities and interest[s] in the . . . YMCA of the North" (*id.* at 1) is a conclusion this Court can disregard. *Twombly*, 550 U.S. at 555. Without more facts from which the Court could reasonably infer that YMCA-USA is not a separate entity from YMCA-N, Ms. Ngiendo's corporate veil piercing theory fails.

Second, Ms. Ngiendo alleges YMCA-USA was unjustly enriched by receiving her gym membership fees while subjecting her to racially motivated harassment at the YMCA-N gyms. (Proposed Am. Compl. at 9–10.) She has alleged no facts, however, to show that the money she paid to YMCA-N for her membership went to YMCA-USA. Thus, she has

6

not alleged sufficient facts to support the claim that YMCA-USA was unjustly enriched on either ground, so this proposed amendment is futile.

### 2. Breach of Implied Warranty

A breach of warranty claim requires "the existence of a warranty, a breach, and a causal link between the breach and the alleged harm." *Bollom v. Brunswick Corp.*, 453 F. Supp. 3d 1206, 1222 (D. Minn. 2020) (quoting *Peterson v. Bendix Home Sys., Inc.*, 318 N.W.2d 50, 52–53 (Minn. 1982)). Minnesota does not require a contract between the parties for a successful breach of warranty claim. *Peterson*, 318 N.W.2d at 52.

Ms. Ngiendo alleges YMCA-USA impliedly warranted that its gyms would be free from racial biases and harassment because it advertises diversity and inclusion programs. (Proposed Am. Compl. at 8–9.) Even assuming there was an implied warranty, Ms. Ngiendo has not alleged enough facts to support finding YMCA-USA breached this warranty. (*Id.*) All the conduct alleged here occurred at YMCA-N gyms and a light rail station, not a YMCA-USA gym. (*Id.* at 1–8.) Additionally, Ms. Ngiendo has not alleged that any YMCA-USA employees discriminated against her. This proposed amendment is therefore futile.

### 3. Breach of Contract

A breach of contract claim requires the existence of a contract and a violation of its terms. *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.,* 703 F.3d 1104, 1107 (8th Cir. 2013) (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 961 (D. Minn. 2000)). Courts may infer a contract from the circumstances and the parties' conduct. *In re Grp. Health Plan Litig.*, 709 F. Supp. 3d 707, 714 (D. Minn. 2023). The only contract

7

alleged to exist is Ms. Ngiendo's membership contract with YMCA-N. (*See* Proposed Am. Compl. at 1.) Ms. Ngiendo has not alleged she had a contract with YMCA-USA, nor has she alleged any facts to support a finding that she and YMCA-USA employees had a history of interactions that would allow this Court to reasonably infer they had a contract. This proposed amendment is therefore futile.

### 4.     Intentional Infliction of Emotional Distress

To establish intentional infliction of emotional distress, a plaintiff must show that the defendant engaged in (1) intentional or reckless conduct that was (2) extreme or outrageous and (3) caused severe emotional distress. *Hill v. Scott*, 349 F.3d 1068, 1075 (8th Cir. 2003) (citing *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438–39 (Minn. 1983)). To support this claim, Ms. Ngiendo has alleged that YMCA-N employees watched her while she exercised. (Proposed Am. Compl. at 8.) YMCA-N is no longer a party, and Ms. Ngiendo has not alleged sufficient facts to support a reasonable inference that YMCA-USA controls YMCA-N. This proposed amendment is therefore futile.

### 5.     Deprivation of the Right to Own Property

In liberally construing Ms. Ngiendo's claims, this Court believes her claim of the deprivation of her right to own property is best viewed as a claim for civil theft. Ms. Ngiendo could sue only a governmental entity or a party acting on behalf of the government for a violation of her constitutional right to own property. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Instead, the proper claim would be one for civil theft. *See* Minn. Stat. § 604.14.

To prove civil theft, a plaintiff must show the defendant intentionally took something of theirs with the intent of not returning it. *Waters v. Cafesjian*, 127 F. Supp. 3d 994, 997 (D. Minn. 2015) (citing *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1076 (D. Minn. 2013)) (relying on criminal theft statute to define civil theft). Ms. Ngiendo has alleged that her gym locker was broken into, and her belongings were stolen. (Proposed Am. Compl. at 6.) She has not alleged, however, that any YMCA-USA employee intentionally took anything. This proposed amendment is therefore futile.

### 6. Negligence: Failure to Provide Safe Premises and Aggravated Personal Injury

Proving a negligence claim requires showing the defendant (1) had a duty to the plaintiff, (2) the defendant breached their duty, (3) that breach caused the plaintiff's harm, and (4) the plaintiff has damages because of the breach. *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820–21 (8th Cir. 2010). Whether a defendant has a duty to protect the plaintiff depends on their relationship and how foreseeable the risk was. *Sulik v. Total Petroleum, Inc.*, 847 F. Supp. 747, 750 (D. Minn. 1994) (citing *Erickson v. Curtis Inv. Co.*, 447 N.W.2d 165, 168–69 (Minn. 1989)).

Ms. Ngiendo alleges YMCA-USA breached two duties: to protect gym goers from theft, and to provide a gym environment free from harassment and retaliation for reporting that harassment. (Proposed Am. Compl. at 10, 12–13.) But Ms. Ngiendo has not alleged enough facts to support finding she had any relationship with YMCA-USA, or that YMCA-USA controls YMCA-N, its gyms, or its employees. YMCA-N may have owed her a duty

because of her membership, but it is no longer a party to this case. This proposed amendment is therefore futile.

### 7. False Advertisement

A false advertisement claim requires the plaintiff to prove the defendant misled or made an untrue statement to the public. *See* Minn. Stat. §§ 325F.67, 325F.69, subd. 1. Ms. Ngiendo has not alleged enough facts to support finding YMCA-USA employees took part in any of the alleged wrongdoings at the YMCA-N gyms to make the YMCA-USA's website's comments on diversity, equity, and inclusion from the Proposed Amended Complaint misleading. (*See* Proposed Am. Compl. at 10–11.) This proposed amendment is futile.

### 8. Invasion of Privacy

Invasion of privacy requires an intentional intrusion on someone's privacy that a reasonable person would find highly offensive. *Mallak v. Aitkin Cnty.*, 9 F. Supp. 3d 1046, 1064 (D. Minn 2014) (quoting *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998)). While Ms. Ngiendo has alleged her belongings were left on the floor of the YMCA-N gym's locker room, she has not alleged any YMCA-USA employees did this. (*See* Proposed Am. Compl. at 12.) This proposed amendment is therefore futile.

### B. Ms. Ngiendo's Motions to Dismiss YMCA-N as a Party are Moot.

Ms. Ngiendo seeks to dismiss YMCA-N as a defendant in this case. (*See* Dkt. Nos. 30, 32.) This, however, is unnecessary because YMCA-N has already been dismissed from the case. (Order, Dec. 19, 2024, Dkt. No. 28.) Because that order "already provide[d] the requested relief" of dropping YMCA-N from the case, this Court has nothing more to do.

*See Hillesheim*, 903 F.3d at 791. This part of Ms. Ngiendo's motions is therefore denied as moot.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint and Drop YMCA of the North as a Party (Dkt. No. 30) and Motion to Amend Pleadings (Dkt. No. 32) are **DENIED in part** and **DENIED as moot in part**, as set forth fully herein. The Amended Complaint (Dkt. No. 10) is the operative pleading.

Date: March 7, 2025                 *s/ John F. Docherty*
                                    JOHN F. DOCHERTY
                                    United States Magistrate Judge