# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| QUINN NGIENDO,<br><br>Plaintiff,<br><br>v.<br><br>YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE USA,<br><br>Defendant. | Case No. 24-cv-2454 (LMP/JFD)<br><br><br>**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER AND DENYING MOTION FOR AN EXTENSION OF TIME** |

Plaintiff Quinn Ngiendo ("Ngiendo") appeals United States Magistrate Judge John F. Docherty's denial of her motion for leave to amend her complaint. *See* ECF Nos. 55, 58. For the following reasons, Ngiendo's objections are overruled, and Magistrate Judge Docherty's decision is affirmed.

## FACTUAL BACKGROUND

Ngiendo originally sued the Young Men's Christian Association of the North ("YMCA North"), ECF No. 1, and later added Young Men's Christian Association of the USA ("YMCA USA") as a defendant in an amended complaint, ECF No. 10. Ngiendo's first amended complaint (that is, the operative complaint) seeks redress for alleged instances of racial discrimination and harassment at YMCA locations in Minneapolis and St. Paul. *See id.* at 2–12. Ngiendo later agreed to dismiss YMCA North as a defendant, leaving YMCA USA as the only defendant in this case. ECF No. 21, 28.

Ngiendo then sought leave from the Court to file a second amended complaint. ECF No. 30. The proposed second amended complaint alleges additional claims against YMCA

USA, including unjust enrichment, breach of an implied warranty, breach of contract, intentional infliction of emotional distress, deprivation of the right to own property, premises liability, fraud, false advertisement, invasion of privacy, and aggravated personal injury. ECF No. 35 at 8–13. These claims arise out of the same course of racial discrimination and harassment alleged in the first amended complaint. *See generally id.* Ngiendo appears to recognize that YMCA USA and YMCA North are distinct legal entities, and that YMCA North operates the YMCA locations at which Ngiendo allegedly experienced discrimination and harassment. *Id.* at 1, 7. However, Ngiendo alleged that YMCA USA was responsible for the acts of YMCA North under an alter-ego liability theory. *Id.* at 1–5, 7, 13. As support for her alter-ego liability theory, Ngiendo alleged three facts: (1) the gyms operated by YMCA North share the same logo as YMCA USA; (2) the President of YMCA USA shares a last name with an employee at one of YMCA North's gyms; and (3) the Vice President of YMCA USA is involved with diversity and inclusion programs at YMCA North. *Id.* at 1–2, 13. Ngiendo also filed a separate motion to dismiss YMCA North from the case. ECF No. 32.

YMCA USA opposed Ngiendo's motion for leave to amend on futility grounds, arguing that YMCA USA and YMCA North are two distinct legal entities, and that YMCA USA was not responsible for the conduct of YMCA North. ECF No. 38 at 9–11. YMCA USA also argued that Ngiendo had failed to plausibly allege an alter-ego liability theory. *Id.* at 7–8.

Magistrate Judge Docherty agreed with YMCA USA and held that Ngiendo's proposed amendments were futile. ECF No. 47. Specifically, Magistrate Judge Docherty

observed that Ngiendo's complaint relied on an alter-ego liability theory to hold YMCA USA liable for YMCA North's conduct. *Id.* at 5–6. Applying the alter-ego analysis under Minnesota law, Magistrate Judge Docherty concluded that Ngiendo had not plausibly alleged an alter-ego theory of liability. *Id.* As for Ngiendo's motion to dismiss YMCA North, Magistrate Judge Docherty explained that the motion was moot, as YMCA North had already been dismissed by stipulation of the parties. *Id.* at 10–11 (citing ECF No. 28).

Ngiendo now appeals Magistrate Judge Docherty's order. ECF Nos. 55, 58.

## ANALYSIS

The Court's review of a magistrate judge's ruling on a nondispositive issue is "extremely deferential." *Smith v. Bradley Pizza Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018) (citation omitted). A ruling of this nature will be modified or set aside only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72.2(a)(3). A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (citation omitted). A decision is contrary to law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

Here, Magistrate Judge Docherty accurately observed that Ngiendo was attempting to hold YMCA USA liable on a theory of alter-ego liability. ECF No. 47 at 5–6. Magistrate Judge Docherty correctly identified and applied the alter-ego liability analysis under Minnesota law. *Id.* The Court discerns no clear error in Magistrate Judge Docherty's decision nor finds that his decision was contrary to law. And although Ngiendo argues that

3

she needs discovery to further flesh out her factual allegations, ECF No. 55 at 3, 5–7, because Ngiendo's proposed second amended complaint fails to state a plausible claim, "[s]he is not entitled to discovery, cabined or otherwise." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). To the extent Ngiendo challenges Magistrate Judge Docherty's decision that Ngiendo's request to dismiss YMCA North was moot, ECF No. 55 at 6–7, that decision was correct, as YMCA North was already dismissed by stipulation of the parties and subsequent order of the Court. *See* ECF Nos. 21, 28.

Finally, on May 2, 2025, Ngiendo filed a motion for "leave to vacate and/or in the alternative to set aside motion for summary judg[]ment under Rule 60(b) relief." ECF No. 71. The need for this motion is unclear; there is no motion for summary judgment pending, and no judgment has been entered that would be subject to a Rule 60 motion. Liberally construed, Ngiendo's motion appears to request an extension of time to respond to YMCA USA's motion to dismiss until 21 days after the Court issues this decision. *Id.* at 2.

That request is denied. As the Court explained in its order previously granting Ngiendo an extension of time to respond to YMCA USA's motion to dismiss, Ngiendo's response is due on May 26, 2025, and "[n]o further extensions will be granted." ECF No. 69. No further extensions means no further extensions. Accordingly, Ngiendo must file her response to YMCA USA's motion to dismiss no later than May 26, 2025. Otherwise, the Court will take YMCA USA's motion to dismiss under advisement on YMCA USA's motion alone.

4

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Ngiendo's objections to the Magistrate Judge's Order (ECF Nos. 55, 58) are **OVERRULED**; and

2. The Magistrate Judge's decision (ECF No. 47) is **AFFIRMED**.

3. Ngiendo's motion for an extension of time (ECF No. 71) is **DENIED**.

Dated: May 6, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge