UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

QUINN NGIENDO,

    Plaintiff,

v.

YOUNG MEN'S CHRISTIAN
ASSOCIATION OF THE USA,

    Defendant.

Case No. 24-cv-2454 (LMP/JFD)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

Quinn Ngiendo, pro se.

Jody A. Ward-Rannow, **Ogletree Deakins Nash Smoak & Stewart PC, Minneapolis, MN**, for Defendant.

    Defendant Young Men's Christian Association of the USA ("YMCA USA") moves to dismiss Plaintiff Quinn Ngiendo's ("Ngiendo") Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. ECF No. 48. For the reasons below, the Court grants YMCA USA's motion and dismisses the Amended Complaint with prejudice.

## FACTUAL BACKGROUND

    Ngiendo filed this suit against YMCA USA and Young Men's Christian Association of the North ("YMCA North"), claiming instances of racial discrimination and harassment at Minneapolis and St. Paul YMCA locations. *See generally* ECF No. 10. On December 10, 2024, YMCA North was dismissed from this case as the result of a settlement. ECF No. 28. YMCA USA is the only remaining defendant.

1

As far as the Court understands it, Ngiendo's Amended Complaint raises eight claims: false advertisement, nuisance, racial discrimination, retaliation, intentional infliction of emotional distress, due process violations, equal protection violations, and breach of implied contract. ECF No. 10 at 29–34. In sum, Ngiendo alleges that employees at YMCA locations in Minneapolis and St. Paul discriminated against her in an effort to racially segregate YMCA locations, retaliated against her for reporting this discrimination, harassed her as she relocated to a second YMCA location, and failed to warn her about thefts at the second YMCA location. *See generally id.* As a result, all of this conduct rendered false YMCA's advertisements related to equity, inclusion, and diversity. *Id.* at 29. In her complaint, Ngiendo recognizes that these incidents occurred at YMCA locations that are owned and operated by YMCA North—not YMCA USA—and that these two organizations are distinct legal entities. *Id.* at 2–3, 28. However, she alleges that the entities are not in fact distinct and are "cleverly guised deceptively as operating independent[ly]." *Id.* at 3. To support this allegation, her Amended Complaint relies on the fact that YMCA USA President Susan McCormick and YMCA North employee James McCormick share a last name. *Id.* at 24, 27.

On March 17, 2025, YMCA USA moved to dismiss the Amended Complaint or, in the alternative, for summary judgment. ECF No. 48. Ngiendo opposes YMCA USA's motion. ECF No. 76.

## ANALYSIS

To survive a motion to dismiss, a complaint must allege sufficient facts to "nudge the[] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 570 (2007).  When considering a motion to dismiss for failure to state a claim, courts must "accept[] as true all factual allegations in the complaint and draw[] all reasonable inferences in favor of the nonmoving party."  *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 545.  And the Court will not "accept as true a legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Further, a complaint will not survive a motion to dismiss when it merely leaves "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  *Twombly*, 550 U.S. at 561 (cleaned up).

Courts liberally construe pro se complaints and hold them to a less stringent standard than complaints drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Pro se litigants, however, are "not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**I.     Ngiendo Has Not Sufficiently Pleaded that YMCA USA Committed Any of the Acts at Issue at the YMCA Locations.**

Ngiendo's Amended Complaint recognizes that YMCA USA and YMCA North are separate legal entities.  ECF No. 10 at 2–3, 28.  Given this, the law recognizes the "legal fiction of the separate corporate entity," meaning that YMCA USA is not liable for YMCA North's actions, and vice versa.  *Greater Kan. City Laborers Pension Fund v. Superior Gen. Contractors, Inc.*, 104 F.3d 1050, 1055 (8th Cir. 1997).

3

Here, Ngiendo alleges that YMCA North's employees committed all of the alleged tortious conduct. ECF No. 10 at 3–10. As such, the law recognizes that YMCA USA is not liable for YMCA North's conduct. *Greater Kan. City Laborers Pension Fund*, 104 F.3d at 1055. And although Ngiendo alleges that YMCA USA President Susan McCormick "aided and abetted employees [to] go into a premises with intent to disguise themselves as working there . . . with intent to deprive [Ngiendo] liberty and a property right belongings without the due process of law," ECF No. 10 at 25–26, this allegation is a bare legal conclusion which the Court is not bound to accept as true, *see Iqbal,* 556 U.S. at 678. Simply put, Ngiendo's allegations are not sufficient to nudge her claims across the line from conceivable to plausible. As such, the Amended Complaint does not sufficiently allege that YMCA USA or its employees committed any of the allegedly tortious acts at the Minneapolis or St. Paul YMCA locations.

## II.   Ngiendo Has Not Sufficiently Pleaded That YMCA USA is Responsible for the Alleged Acts of YMCA North Under a Veil-Piercing Theory.

Liberally construed, the Amended Complaint could be interpreted as raising a veil-piercing claim against YMCA USA. Specifically, Ngiendo alleges that YMCA USA and YMCA North are not separate and distinct entities and that they do not operate independently. *Id.* at 3, 24–25. Consequently, Ngiendo asserts that YMCA USA should be held liable for the acts of YMCA North. *See* ECF No. 76 at 8.

Piercing the corporate veil is a doctrine under which courts disregard the legal fiction of the separate corporate entity when the corporation is a mere "alter ego" or "instrumentality" for the defendant. *See Victoria Elevator Co. of Minneapolis v. Meriden*

4

*Grain Co.*, 283 N.W.2d 509, 512 (Minn. 1979) (citation omitted). In that case, "the corporation and [the defendant] will be regarded as one and the same if the equities of a case so require." *Erickson-Hellekson-Vye Co. v. A. Wells Co.*, 15 N.W.2d 162, 173 (Minn. 1944).

Under Minnesota law,[1] courts use a two-part test to determine whether to pierce the corporate veil. *See Barton v. Moore*, 558 N.W.2d 746, 749 (Minn. 1997). The first part "focuses on the shareholder's relationship to the corporation," and factors "significant to the assessment of this relationship" include "whether there is insufficient capitalization," a "failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation at time of transaction in question, siphoning of funds by dominant shareholder, nonfunctioning of other officers and directors, absence of corporate records, and existence of the corporation as merely a facade for individual dealings." *Id.* If the first part of the test is met, the second part asks whether "piercing the corporate veil is necessary to avoid injustice or fundamental unfairness." *Id.*

Here, Ngiendo's sole allegation relevant to a veil-piercing theory is that a YMCA North employee shares a last name with the President of YMCA USA. ECF No. 10 at 24. Critically, she does not allege any facts that could be considered to fall under the first part of Minnesota's veil-piercing test. *See Johnson v. Evangelical Lutheran Church in Am.*, No. 11-cv-23 (MJD/LIB), 2011 WL 2970962, at *7–8 (D. Minn. July 22, 2011) (dismissing a veil-piercing claim where there were no factual allegations to support the first part of the

---

[1] Whether to pierce the corporate veil "is a legal determination that, in our circuit, is governed by state law." *Stoebner v. Lingenfelter*, 115 F.3d 576, 579 (8th Cir. 1997).

veil-piercing test). Ngiendo's allegation that YMCA USA and YMCA North must be related because two employees of those entities share a last name is completely speculative and insufficient to survive a motion to dismiss. *See Twombly,* 550 U.S. at 545. As such, Ngiendo's Amended Complaint fails to sufficiently plead that YMCA USA is responsible for the acts of YMCA North on a veil-piercing theory.

### III. Ngiendo Has Not Sufficiently Pleaded That YMCA North is an Agent of YMCA USA.

In her response brief to YMCA USA's motion to dismiss, Ngiendo argues that an agency relationship exists between YMCA USA and YMCA North. ECF No. 76. To support this argument, Ngiendo makes new allegations in her response brief that do not appear in the Amended Complaint, including that YMCA North's President is a member of YMCA USA's Board of Directors and that YMCA USA's President wrote a letter to Congress on behalf of 2,600 YMCA locations. *Id.* at 16–17, ECF No. 76-2 at 12–14. "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Al-Saadoon v. Barr*, 973 F.3d 794, 805 (8th Cir. 2020) (citation omitted). Accordingly, the Court will not consider these new allegations at this stage. *See Harvey v. Becerra*, No. 21-cv-2693 (ECT/JFD), 2022 WL 4244601, at *4 (D. Minn. Aug. 25, 2022) (disregarding additional facts raised for the first time in a pro se litigant's response to a motion to dismiss). However, the Court will evaluate whether the Amended Complaint plausibly pleads an agency relationship between YMCA USA and YMCA North.

"In order to rely upon an agency theory, a plaintiff must plead facts demonstrating the elements of an agency relationship." *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850,

6

873 (D. Minn. 2012). Those elements are (1) manifestation of consent by the principal; (2) acquiescence by the agent; and (3) control exerted by the principal over the agent. *Id.* at 872. A "bare legal conclusion of agency" does not adequately plead the existence of an agency relationship. *Erickson v. Horing*, No. 99-cv-1468 (JRT/FLN), 2001 WL 1640142, at *12 (D. Minn. Sept. 21, 2001).

The only allegation in the Amended Complaint that is arguably relevant to an agency relationship is the allegation that YMCA USA "provid[es] support and coordination" for YMCA North. ECF No. 10 at 27–28. This vague allegation falls far short of plausibly alleging that YMCA USA exerts control over YMCA North, or that YMCA North has acquiesced to that control. *See Hutar v. Cap. One Fin. Corp.*, No. 15-cv-2100 (MJD/JJK), 2015 WL 4868886, at *7 (D. Minn. July 27, 2015) (business dealings between entities did not plausibly allege an agency relationship), *report and recommendation adopted*, 2015 WL 4937347 (D. Minn. Aug. 12, 2015). Because Ngiendo has not plausibly alleged that YMCA USA is liable for the acts of YMCA North, Ngiendo's remaining claims against YMCA USA will be dismissed for failure to state a claim.

IV.   **Dismissal with Prejudice is Appropriate.**

A dismissal with prejudice "is typically appropriate when a plaintiff has shown persistent pleading failures despite one or more opportunities to amend, or when the record makes clear that any amendment would be futile." *Campbell v. Mold Inspection & Testing*, No. 21-cv-1942 (ECT/ECW), 2022 WL 1094086, at *5 (D. Minn. Apr. 12, 2022) (citing *Miles v. Simmons Univ.*, 514 F. Supp. 3d 1070, 1080 (D. Minn. 2021)). Ngiendo has had the opportunity to amend her complaint (which is now being dismissed), and her request

for leave to file a second amended complaint has been denied as futile. ECF No. 37. Because Ngiendo has demonstrated "persistent pleading failures despite one or more opportunities to amend," the Amended Complaint will be dismissed with prejudice. *Campbell*, 2022 WL 1094086, at *5.

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. YMCA USA's Motion to Dismiss (ECF No. 48) is **GRANTED**;

2. Ngiendo's Amended Complaint (ECF No. 10) is **DISMISSED WITH PREJUDICE**; and

3. The Clerk of Court is directed to send a copy of this Order to Ngiendo by email at focusidealogist@aol.com.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 22, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge