UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| QUINN NGIENDO, | Case No. 24-cv-2454 (LMP/JFD) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAL |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE USA, | |
| Defendant. | |

On July 22, 2025, the Court dismissed Plaintiff Quinn Ngiendo's ("Ngiendo") amended complaint with prejudice. ECF No. 79. Judgment was entered on July 23, 2025.[1] ECF No. 80. On September 22, 2025, the Clerk's Office received Ngiendo's motion to extend the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). ECF No. 81. Defendant has not opposed Ngiendo's motion.

Federal Rule of Appellate Procedure 4(a)(5) provides that a district court may extend the time to file a notice of appeal if two conditions are met: (1) the motion is filed within 30 days of the original deadline to file a notice of appeal; and (2) the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). Here, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Ngiendo's notice of appeal was due on August 22, 2025. Thirty days after that date is September 21, 2025, which, because it falls in a weekend, tolls the deadline for Ngiendo's motion for an extension of time to September 22,

---

[1] Ngiendo seems to believe that judgment was entered on August 24, 2025. ECF No. 81 at 1. That is incorrect. ECF No. 80.

1

2025.  Fed. R. App. P. 26(a)(1)(C).  The Clerk's Office received Ngiendo's motion for an extension of time on September 22, 2025.  ECF No. 81 at 1.  Ngiendo's motion is therefore timely.

As for whether Ngiendo has demonstrated good cause or excusable neglect, that inquiry is an "equitable one" that takes "account of all relevant circumstances."  *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (citation omitted).  Courts may consider several factors when determining whether a party has shown excusable neglect, including potential prejudice to other parties, the length of the delay at issue, and the "good faith" of the party seeking an extension of the filing deadline.  *Id.*  The most important factor, however, is the "nature, credibility and persuasiveness" of the reason for the delay proffered by the moving party.  *Miller v. Minnesota*, No. 08-cv-6555 (JRT/JJG), 2009 WL 3062012, at *2 (D. Minn. Sept. 18, 2009) (citing *Gibbons*, 317 F.3d at 854).

Here, Ngiendo asserts that she suffers from chronic pain and a "traumatic brain injury that also causes some cognitive lapses."  ECF No. 81 at 1.  Ngiendo explains that she was involved in other pro se litigation at the time that judgment was entered in this case, and because her cognitive issues "affect[] thinking, recall, and concentration," she forgot to timely file the notice of appeal.  *Id.* at 2, 4.  Ngiendo also submitted medical records from recent hospital visits which support her assertion that she suffers from chronic pain, a traumatic brain injury, sleep issues, and cognitive deficiencies.  ECF No. 82.

The fact that Ngiendo has chosen to litigate other matters pro se is no excuse to extend the deadline to appeal; after all, pro se litigants "are not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

2

1984).  And heavy caseloads are no excuse even for attorneys.  *See Arcadia Valley Hosp. v. Bowen*, 641 F. Supp. 190, 193 (E.D. Mo. 1986) (explaining that Rule 4(a)(5) "does not apply when a lawyer's excuse is that he is too busy").  However, the Court finds that Ngiendo's medical issues demonstrate excusable neglect for failing to timely file a notice of appeal.  Ngiendo has offered recent, specific, and credible evidence that she suffers from cognitive delays and other mental disorders, which, under the circumstances of this case, constitute sufficient reasons for extending the deadline to appeal.  *See Weekley v. Jones*, 927 F.2d 382, 386 (8th Cir. 1991) (affirming grant of extension of time to appeal when the moving party had schizophrenia and an intellectual disability); *Hardesty v. Smith*, No. 2:06-12835, 2007 WL 1647875, at *1 (E.D. Mich. June 4, 2007) (extension granted where plaintiff allegedly suffered from "mental illness").

Having determined that the "most important" factor warrants extending the deadline to appeal, *Miller*, 2009 WL 3062012, at *2, the Court finds that the remaining factors do not justify denying Ngiendo's motion.  Indeed, in most cases, the "prejudice" and "length of the delay" factors will favor the moving party, as the "delay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).  Nor does the Court discern any bad faith on Ngiendo's part.  Accordingly, the Court will grant Ngiendo's motion and permit her to file a notice of appeal no later than October 17, 2025.  *See* Fed. R. App. P. 4(a)(5)(C) (explaining, as relevant here, that "[n]o

3

extension under this Rule 4(a)(5) may exceed . . . 14 days after the date when the order granting the motion is entered").

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Ngiendo's Motion to Extend the Time to File a Notice of Appeal (ECF No. 81) is **GRANTED**. Ngiendo must file a notice of appeal no later than October 17, 2025.

2. The Clerk of Court is directed to send a copy of this Order to Ngiendo by email at focusidealogist@aol.com.

Dated: October 3, 2025                *s/Laura M. Provinzino*
                                      Laura M. Provinzino
                                      United States District Judge